IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dianne M. Maros,<br><br>        Plaintiff,<br><br>vs.<br><br>Ashley Elizabeth Cure,<br>Greenville County, and<br>Greenville County Sheriff's Office,<br><br>        Defendants. | **ANSWER OF ASHLEY ELIZABETH CURE TO PLAINTIFF'S COMPLAINT**<br><br>*(Jury Trial Requested)*<br><br>C.A. #: 6:21-cv-03346-JD-JDA |

Defendant, Ashley Elizabeth Cure, by way of Answer to the Plaintiff's Complaint, would respectfully show unto the Court as follow:

**FOR A FIRST DEFENSE**

1. That except as is expressly admitted, modified, or explained herein, each and every allegation of the Plaintiff's Complaint as is directed against this Defendant is denied and strict proof thereof is demanded.

2. That further in response to the allegations of the Plaintiff's Complaint, it is denied that this Defendant committed any act or omission which would give rise to liability on her part to the Plaintiff for any claim based on state law and/or for any alleged violation of the Plaintiff's Constitutional rights.

3. That as to the allegations of paragraph (1) of the Plaintiff's Complaint, Defendant, Ashley Cure, is without sufficient information with which to admit or deny the current residency of the Plaintiff; therefore, strict proof thereof is demanded.

4. That as to the allegations of paragraph 2 of the Plaintiff's Complaint, same is admitted.

5. That as to the allegations of paragraph 3 of the Plaintiff's Complaint, same are admitted.

6. That as to the allegations of paragraph 4 of the Plaintiff's Complaint, said allegations do not appear to be directed at this Defendant and no response is indicated. That otherwise strict proof thereof is demanded.

7. That as to the allegations of paragraph 5 of the Plaintiff's Complaint, it is denied that this Defendant in any way committed any act or omission so as to give rise to liability for money damages pursuant to S. C. Code, Ann. Section 1983 and/or any other provision of law. That further at all times alleged in Plaintiff's Complaint this Defendant acted consistent with her understanding and belief of the constitutional rights of the Plaintiff and her rights and responsibilities as a deputy sheriff. Otherwise, the allegations of paragraph 5 are denied and strict proof thereof is demanded.

8. That as to the allegations of paragraphs 6, 7, 8, 9, 10, and 11, this Defendant incorporates by reference her response to the allegations of paragraphs 1 - 5 and except as is expressly admitted, modified or explained herein, the allegations of paragraphs 6, 7, 8, 9, 10 and 11 are denied as framed and strict proof thereof is demanded.

9. That as to the allegations of paragraphs 12 through 169, it is admitted, upon information and belief that said paragraphs include isolated portions and/or references to body worn camera footage taken on October 20, 2019 and written and/or video statements obtained in follow-up investigation, and reference is craved to said body worn camera footage and written and/or recorded video statements for accurate, complete reference, and for the full context of any

references thereto made in paragraphs 12 through 169, and specifically Defendant Cure craves reference to the complete context of the materials referenced, and the defendant alleges that an accurate understanding of the incident can only be determined based on the action, conduct, demeanor, behavior, and body language of the participants involved in the incident, which obviously is not part of the isolated references made in the Plaintiff's Complaint to the events as are set forth in paragraphs 12 through 169. Therfore, Defendant, Cure, otherwise demands strict proof of the factual allegations as are alleged in paragraphs 12 through 169 of the Plaintiff's Complaint and craves reference to the actual body worn camera footage and the full context of any written or video statements referenced in paragraphs 12 through 169 of the Plaintiff's Complaint. That further, the Plaintiff, Dianne Maros, attempted to intervene between Sean Kaiser and Deputy Cure during a confrontation and she stepped in the line of fire as Deputy Cure was attempting to retreat and defend herself. That, accordingly, it is denied that Deputy Cure in any way used excessive and/or unreasonable force as is alleged in the Complaint. That further it is denied that Deputy Cure made any unlawful entry in or to the residence and her actions at all times were reasonable, lawful and consistent with the constitutional rights of the Plaintiff. That further it is denied that Deputy Cure caused the damages and/or injuries alleged in paragraphs 165 through 169 of the Plaintiff's Complaint and strict proof thereof is demanded. That otherwise, except as is admitted, modified or explained herein the "Factual Allegations" of the Plaintiff's Complaint consisting of paragraphs 12 through 169 are denied and strict proof thereof is demanded.

10.    That as to the allegations of Plaintiff's First Cause of Action alleging a violation of 42 U.S.C. § 1983 consisting of paragraphs 170 through 179, said allegations are denied and strict proof thereof is demanded.

11. That as to the allegations of Plaintiff's Second Cause of Action consisting of paragraphs 180 through 200, said allegations do not appear to be directed at this Defendant and no response is indicated. That to the extent the allegations of Plaintiff's Second Cause of Action consisting of pargraphs 180 through 200 are directed at this Defendant, same are denied and strict proof thereof is demanded.

12. That as to the allegations of Plaintiff's Third Cause of Action consisting of paragraphs 201 through 204, except as is expressly admitted, modified or explained herein, said allegations are denied and strict proof thereof is demanded.

13. That further in response to the allegations of paragraphs 201 through 204, it is admitted that at all relevant times Deputy Cure acted within the scope and course of her official duties as a deputy with the Sheriff of Greenville County and it is denied that she in any way committed any act or omission which would give rise to any claim for negligence and/or gross negligence as is alleged in paragraphs 201 through 204 of the Plaintiff's Complaint. That further in response to the allegations of paragraphs 201 through 204 of the Plaintiff's Complaint, it is denied that Deputy Cure was negligent and/or grossly negligent to cause damages and/or injuries as is alleged therein and as is more specifically alleged in paragraph 204 of the Plaintiff's Complaint.

14. That as to the allegations of Plaintiff's Fourth Cause of Action consisting of paragraphs 205 through 208, said allegations do not appear to be directed at this Defendant and no response is indicated. That to the extent the allegations of Plaintiff's Fourth Cause of Action consisting of pargraphs 205 through 208 are directed at this Defendant, same are denied and strict proof thereof is demanded.

**FOR A SECOND DEFENSE**

15. The Plaintiff's Complaint fails to state a claim upon which relief can be granted and the Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b).

**FOR A THIRD DEFENSE**

16. That Defendant Cure did not violate any clearly established constitutional right of the Plaintiff and this Defendant pleads and asserts qualified immunity as a defense and a bar to this suit.

**FOR A FOURTH DEFENSE**

17. That at all times alleged in the Plaintiff's Complaint this Defendant was performing functions and actions which were reasonably consistent with the rights of the Plaintiff and this Defendant is entitled to absolute immunity as a matter of law.

**FOR A FIFTH DEFENSE**

18. That at all times alleged in the Plaintiff's Complaint this Defendant acted within proper bounds of her discretion and therefore pleads and asserts discretionary immunity as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

**FOR A SIXTH DEFENSE**

19. That at all times alleged in the Plaintiff's Complaint this Defendant acted in good faith and without ill will or malice and is accordingly entitled to good faith immunity as a complete and absolute bar to any recovery by the Plaintiff from this Defendants.

**FOR A SEVENTH DEFENSE**

20. That any force used by Deputy Cure was justified, reasonable, and necessary under the circumstances and the Defendant herein pleads reasonable use of force as a bar and/or defense to the Plaintiff's claim.

**FOR AN EIGHTH DEFENSE**

21. That the occurrences alleged in the Plaintiff's Complaint and any damages asserted by the Plaintiff as a result thereof were due to the negligent, reckless, wanton and criminal acts of Sean Kaiser and same is asserted as a complete bar to any recovery by the Plaintiff from the Defendant.

**FOR A NINTH DEFENSE**

22. That this Defendant pleads and asserts the South Carolina Tort Claims Act as a complete and absolute defense and/or bar to the Plaintiff's claim. That specifically, but without limitation, this Defendant pleads and asserts all statutes of limitations, conditions of recovery, limitations on recovery, exclusions from liability, immunities from liability and caps and/or limits on damages as are set forth therein.

**FOR A TENTH DEFENSE**

23. That this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-30 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

**FOR AN ELEVENTH DEFENSE**

24. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-60(3)(4)(5)(6)(20) and (25) as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

**FOR A TWELFTH DEFENSE**

25. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-70 70 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

**FOR A THIRTEENTH DEFENSE**

26. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-70 100 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

### FOR A FOURTEENTH DEFENSE

27. That this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-110 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

### FOR A FIFTEENTH DEFENSE

28. That this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-120 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

### FOR A SIXTEENTH DEFENSE

29. This Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-200 as an additional and affirmative defense.

### FOR A SEVENTEENTH DEFENSE

30. That there was no negligence, recklessness, gross negligence, and/or wantonness on the behalf of this Defendant which proximately caused the alleged damages referred to in the Plaintiff's Complaint.

### FOR AN EIGHTEENTH DEFENSE

31. That this Defendant pleads and asserts the public duty rule and/or public duty doctrine as a complete and absolute defense and/or bar to the Plaintiff's claim.

### FOR A NINETEENTH DEFENSE

32. That this Defendant pleads and asserts that there are no acts or omissions of deliberate indifference, gross negligence, and/or negligence to support any claim by the Plaintiff against this Defendant.

**FOR A TWIENTIETH DEFENSE**

33. That Deputy Cure at all times used reasonable force and necessary force to defend herself from a threat of assault and/or serious bodily harm and, accordingly, Deputy Cure pleads that her actions were in self defense and in fear of death and serious bodily harm from Sean Kaiser.

**FOR A TWENTY-FIRST DEFENSE**

34. That upon information and belief, Deputy Cure's actions were reasonable, appropriate and necessary under the circumstances in light of an eminent threat of serious bodily harm by Sean Kaiser and the Plaintiff exposed herself to the risk of harm when she should not have, resulting in the injuries complained of in her Complaint.

**FOR A TWENTY-SECOND DEFENSE**

35. That to the extent the Plaintiff by her own actions exposed herself to possible harm or injury, this Defendant pleads and asserts the comparative fault of the Plaintiff as a complete bar to any recovery by the Plaintiff from this Defendant and/or in the alternative Deputy Cure pleads the comparative fault of the Plaintiff in mitigation of any damages sought to be recovered from her in this action.

WHEREFORE, the Defendant Deputy Cure respectfully prays as follows:

1. That the Plaintiff's Complaint be dismissed.
2. That this Defendant be granted such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        <u>/s/ Russell W. Harter, Jr.</u>
        Russell W. Harter Jr., Fed. No. 1753
        Chapman, Harter & Harter, P.A.
        14 Lavinia Avenue
        Post Office Box 10224 (29603)
        Greenville, SC  29601
        Telephone:  (864) 233-4500
        Facsimile:  (864) 232-1710
        E-Mail:  rwhjr@chhlaw.net
        **ATTORNEY FOR DEFENDANT**
        **ASHLEY ELIZABETH CURE**

December 8, 2021

Greenville, South Carolina